Gbeen, J.
delivered the opinion of the court.-
M. P. Pinkard conveyed the negroes in controversy in 1831- to' his three children, Oliver, Angelina and Mary. He was then in good circumstances, and not involved in-debt, but- has- since by *190 misfortune become insolvent. Oliver died, in May, and Angelina in August, 1834. In 1835, M. P. Pinkard sold one of the negroes, 'Hasen, for $850.
The complainant is a judgment creditor of M. P. Pinkard, and has administered on the estate of Oliver and Angelina. His original bill is filed as administrator of these children, and he claims as 'their representative, to have partition of the negroes, and that ‘their share (to which M. P. Pinkard is entitled as next of kin) be •applied to the payment of his debt against said M. P. Pinkard.
The second amended bill is filed in the original character of the complainant, as creditor of M. P. Pinkard, and alledges that the 'deed of gift, of the negroes, to the children, is fraudulent and void j 'and that all the negroes belong to M. P. Pinkard, and are liable for the payment of his debts.
1. The first question is, whether this amended bill can bo coupled with, and made part of the original, so as to entitle the complainant to a decree upon it. In other words, the question is, whether the administrator of the children, claiming under the deed, :and deriving his title from the deed, can join in the same bill, a :creditor of the donor, who seeks to avoid the deed, and whose right ■to a recovery depends upon his showing that it is fraudulent. The 'two claims are directly antagonistical to each other.
Although both parties claim the same property, they claim it in entirely distinct rights; and the one can only succeed by defeating the other. That the same individual is both creditor and administrator, can make no difference. The question would be the same, if they were distinct individuals.
In the original bill, the creditor and administrator are properly joined; for there the administrator seeks the property to distribute to the next of kin, and the creditor asks that the debt due from the next of kin (who is insolvent) shall be satisfied out of this property, before it is distributed to him by the administrator. The claims in that bill, of the parties, are consistent with each other, and the decree in favor of the creditor must depend upon the success of the administrator. But in the amended bill it is far otherwise: The rights of the plaintiff and defendant, are not more repugnant: they cannot, therefore, be properly joined in the same bill. But we are satisfied that there is no fraud proved in this case, and, therefore, upon both grounds, the complainant’s amended bill was properly dismissed.
*191 2. The nest question is, whether Mary Pinkard has a right ta-snsist that the complainant shall account for the negro Hasen, which her father sold, before he shall be entitled to partition of the remaining negroes. Unquestionably the complainant, who.-as creditor, seeks to have the share of M. P. Pinkard subjected t©.the payment of Ms debt, is entitled to claim no larger share of the property for that purpose, than M. P. Pinkard could obtain, were he seeking to have partition of this property. The only ground upon which the complainant can get a decree, is, that M. P. Pinkard is entitled as distributee of his deceased children to this property and being insolvent, the aid of a court of equity is invoked,, to subject his equitable interest in these estates to the payment of the complainant’s debt.
What then could M. P. Pinkard obtain, were he seeking partitions ©f these negroes? Certainly not two-thirds of those that remain, without accounting for the price of the one he sold. Instead of doing equity, when he comes asking equity, this method of division would reward him for wrong done by him in selling the negro before a partition was made.
Where a party has laid out large sums in improvements on the estate, a court of equity will not grant partition, without first directing an account, and compelling the party applying for partition to make compensation. 1 Story Eq. 608, 609: 8 Price, 518.
Nor will a court of equity grant partition without making a pan-tj who has received more than his share of rents and profits, account for them. 6 Mad. 223. These principles apply to this case, and fully justify the court in requiring M. P. Pinkard, (or in this case the complainant,) to account for the price of the negro that was sold, before he shall have partition of those remaining.
Reverse the decree, and reform it according to the principles above stated.